CAVANAUGH *vs.* TATUM.

1. Whether the fact that an indorsee of a promissory note, has failed to comply with the requisitions of the statute, so as to charge the indorser, may be pleaded specially, *quare?*

2. But where a special plea, averred the omission of the indorsee, to use the diligence required by the statute; and also the facts that the maker of the note sued on, was possessed of property liable to attachment; and was only temporarily absent from the County of his residence, on business; it was held, that such plea was demurrable.

3. The return of *non est inventus*, by a constable, to a warrant, issued against the maker of a promissory note, *on the same day issued*, is not a sufficient compliance with the law, to charge the indorser.

This case was removed, by certiorari, into the County Court of Autauga; and was a suit upon a promissory note, instituted before a magistrate, by Tatum, against Cavanaugh, as the indorsee of a promissory note;

The note was drawn by one Ashly, and was due and payable to bearer, on the 1st day of March, 1830. indorsed by Cavanaugh, on the 5th December, 1829. On the 8th day of March, 1830, a warrant was issued by a justice of the peace against Ashly, which went into a constable's hands *instanter;* and on the same day was returned, *non est inventus.*

On the 23d day of March, 1830, a warrant from the office of the same magistrate, was issued against Cavanaugh, as the indorser, which was executed on the 27th of the same month. And, on the 3d day of April, 1830, judgment by default, was rendered against Cavanaugh, for the amount of the principal and interest due on the note; and execution awarded.

Cavanaugh having taken the case into the County Court, the plaintiff filed a declaration alleging the indebtedness of the defendant, as the indorser of the before mentioned note; and averring, *that before the expiration of thirty days after the said note became due and payable, he sued Ashly,* the maker, *but that said Ashly could not be found; but had gone to parts unknown.*

To this declaration the defendant filed a special plea, setting out that the said Ashly, the maker of the aforesaid promissory note, was, at the time of endorsing the same, a resident citizen of the said County of Autauga; and was engaged in business therein; and was possessed of property more than sufficient to satisfy said note; and that said property remained within the County, subject to attachment: that, though said Ashly was absent, at the time said warrant issued, yet his absence was but temporary—on business; and, that he subsequently returned, and went at large, subject to suit, by the said plaintiff. *Non-assumpsit,* set-off and payment, were also relied on by the defendant. The Court having sustained a demurrer to the first plea, judgment and verdict were rendered in favor of the plaintiff, on the other issues.

On the trial, a bill of exceptions was taken, from which it appeared, that the constable, having been examined as a witness, proved the return of the warrant, as before stated. The Court was then requested to charge the jury, that the warrant was illegally returned, on the same day it went into the hands of the officer: and that the return, in that manner, of *non est inventus,* against the maker, was not suffi-

cient diligence, to charge the indorser. That, therefore the defendant was entitled to a verdict.

.The judge below did not give the instructions requested; but told the jury, that no evidence on that point, was necessary; and that, whether due diligence had been used by the constable, in executing the warrant, was not a material question.

Argued by *Ellis*, for the plaintiff in error—*Gordon, contra*.

It was contended, for the plaintiff in error—That it was a material inquiry, to ascertain whether the constable had used the proper diligence to serve the warrant. These are required to be returned at a particular time; and as the maker of the note was a resident of the County, the warrant should have been retained, until the time of its return was about elapsing.

As to the plea—it was either good, or the averment in the declaration, was insufficient—the Court below should, therefore, have decided in favor of the defendant, on the demurrer, either on the plea, or on the averment. The object of the law is clear: it is to force the indorsee to prosecute the maker, to insolvency. The plea avers, that the maker resided in the County, and had property there—then the indorsee should have exhausted his recourse against them, before proceeding in the present action.

In this case, the warrant was returned the very day issued: the constable should have kept it, until the return day, at least. But, even if he had returned it improperly, would not the plaintiff have

been bound, in the event of the maker's return, to have taken out an alias?

Indorsers stand in the attitude of sureties; and every benefit should be allowed them, which the construction of the statute can extend. Here, then the statute requires diligence in the exhaustion of process. Will the Court determine, that a mere taking' out of the writ, would charge the indorser? So, will an officer be permitted to return that writ, without the proper search for the maker? and, that merely on such return, the action should accrue a-gainst the maker?.

For the defendant in error, it was said—That the officer's return did not appear, from the record, to have been the only evidence before the Court, that the defendant had left the County of his residence.— But suppose there was none—the officer's return is conclusive. He is a sworn officer, and amenable to each party, for any violation of his duty, or of the law. Then, an officer is not bound, when he knows that a defendant has absconded, to keep the process in his hands, under the supposition, that he *might* return.

The plea is bad, because uncertain. When did the party leave the County, and when return? These facts are not shewn. The words, "that he shortly returned," mean nothing—whether before or after the thirty days had expired. Again, the plea is re-pugnant: it shows that an attachment might have been levied; and also, that the defendant was a resi-dent. How, if resident and capable being served with process, could attachment go?

The statute requires suit to be brought in thirty days—and absence from the county, is the exception. It does not distinguish what absence: and the plea not having undertaken to show the particular absence; that it was only such an one, as would not have excused the proceeding against him—is therefore bad.

SAFFOLD, J.—The revision of the judgment of the county Court, on the certiorari, involves the construction of the statutes of 1827 and 1828, respecting the liability of indorsers of notes, &c., for sums not exceeding fifty dollars.

Two points are relied on, by the plaintiff in error, for a reversal of the judgment below——

1st. That the Court erred as stated in the bill of exceptions.

2d. That there was error in sustaining the plaintiff's demurrer to defendant's first plea.

Noticing the latter first, it is sufficient to say, it presents the question, whether if the holder of an indorsed note neglect or omit to use the diligence required by statue, to make the money out of the maker, before suing the indorsor, the latter can avail himself of this matter of defence by special plea in bar; and also, whether the matter pleaded, that the maker, at the time of indorsing the note, was a resident of the county, engaged in business, and was possessed of property more than sufficient to pay the debt, which remained subject to attachment, &c., constitute a legal ground of defence?

The diligence required by statute was prescribed in lieu of the common law requisition of early demand of payment from the maker, and notice to the

indorser, and also for the better protection of the lat-
ter. So far as the certainty of a declaration is re-
quired in the Circuit or County Courts, for the trial
of appeals from the judgments of magistrates, the
plaintiff must set forth a legal cause of action in his
declaration or statement. To do this, before the sta-
tute, it was necessary, to charge an indorser, that the
plaintiff should aver a demand and refusal: since the
statute, it is equally necessary he should aver a com-
pliance with the substituted requisition, and make
proof thereof; else, he can not recover.

In this case, the plaintiff has averred, that before
the expiration of thirty days after the note became
due, he sued Ashly, the maker, and that he could
not be found, but had gone to *parts unknown.* Un-
der the general issue, to these averments, the plain-
tiff should have been held to all the proofs of dili-
gence, contemplated by law, before he was entitled
to recover.

Hence, the special plea was, at best, unnecessary;
but, were it admitted, that the defendant in this case,
as in many others, had his election, either to plead
specially, or avail himself of the same matter under
the general issue; yet, there was the farther objec-
tion, that it was not single and certain, or sufficient,
in substance; but complex, in the averments, stat-
ing not only, that the defendant was a resident of
the County, but, that he was engaged in business,
and possessed of property, which was subject to at-
tachment; that his absence was temporary, on busi-
ness, and that he shortly returned, and went at large:
facts, which, if true, would constitute no defence.—

In this view of the question, there is conceived

4 s & p. 27

to have been no error, in sustaining the demurrer to the special plea.

The remaining question is, that presented by the bill of exceptions. The Court refused to instruct the jury, that the return, on the justice's warrant, of *non est inventus*, could not legally have been made, on the day the constable received it: but charged them, that no evidence of diligence, on the part of the plaintiff, in suing, or effecting service on the maker, was necessary, on the issue submitted.

The statute requires, that the suit should have been instituted within thirty days, unless the maker was absent from his place of residence ; or some of the other exceptions, therein provided, should occur. This requisition being contained in the act of 1828, reference to that of 1827, will show that one is amendatory of the other; and that the course prescribed by the two, for fixing the liability of indorsers, for sums not exceeding fifty dollars, is not only, that suit shall be commenced within the thirty days, where there exists no cause to excuse it; but, if practicable, by the use of the usual diligence, the claim against the maker shall be prosecuted to a return of *nulla bona*, on the execution against him.— This return on the *fi. fa.* is expressly made evidence of the maker's inability to pay ; and the consequent right of the holder, to pursue the indorser. Not so, with respect to the return of *non est inventus*, on the original process. Causes may exist, under the statutes, to excuse the institution of any suit against the maker in like manner, as they may occur to excuse any demand of payment, at common law.

The return, on a warrant, that the defendant is not to be found, if admissible as evidence, on an is-

sue of this kind, is, by no means, conclusive of the fact.

Had the statute required such return, only, as the authority for a suit against the indorser, he would, then, have been compelled to submit to it; and, if false, to prosecute his remedy against the officer, for making it.

But, as the law stands, proof *aliunde*, may excuse the entire omission to sue the maker, or the failure to cause service of the process upon him; and such is necessary and admissible, either to establish or disprove the ground of exception, to the necessity of prosecuting him to *nulla bona*.

The return of *non est*, by the officer, on the day he received the warrant, was no compliance with the law : it ought, at least, to have been shewn, that after reasonable diligence and inquiry, the defendant could not be found in the County of his residence, during the term allowed for the return of the process; and this proof was no less necessary and proper, under the general issue, than under a special plea, had one been properly in issue.

On this point, therefore, the judgment must be reversed, and the cause remanded, if desired.